JUDGE ZAGEL

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MAGISTRATE JUDGE VALDEZ

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **08CR     372** |
| v. | ) | |
| | ) | Title 18, United States Code, |
| EDWARD R. VELAZQUEZ | ) | Sections 1341, 1343, 2314, and 2. |

RECEIVED

MAY 08 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

The SPECIAL JUNE 2007 GRAND JURY charges:

1.    At times material to this indictment:

    a.    Defendant EDWARD R. VELAZQUEZ was the President of V-Tek Capital, Inc. (V-Tek Capital), an Illinois corporation, which defendant operated from his residence, located in Unit 1205 at 212 W. Washington Street, Chicago, Illinois.  Defendant VELAZQUEZ was also the President of V-Tek Trading Group, Inc., an Illinois corporation that was involuntarily dissolved in approximately May 2003.

    b.    Defendant EDWARD R. VELAZQUEZ was the signatory on accounts at Harris Trust & Savings Bank ("Harris Bank") in Chicago, Illinois, maintained in the name of V-Tek Capital, V-Tek Trading Group, and FX 500. Defendant was also the signatory for a personal account at Harris Bank that he maintained in his own name.

    c.    Defendant EDWARD R. VELAZQUEZ maintained commodities trading accounts in the name of V-Tek Capital at Alaron Trading, and in the name of FX 500 at Rosenthal Collins Group.  Defendant also maintained a commodities trading account in his own name at Alaron Trading.

2.    Beginning in approximately June 2002, and continuing to at least
September 2004, in the Northern District of Illinois, Eastern Division, and
elsewhere,

EDWARD R. VELAZQUEZ,

defendant herein, devised and participated in a scheme to defraud prospective
investors and investors in V-Tek Capital and to obtain money by means of
materially false and fraudulent pretenses, representations, and promises, which
scheme is further described below.

3.    It was part of the scheme that defendant EDWARD R. VELAZQUEZ
fraudulently induced approximately 30 individuals located in the United States to
invest approximately $1,886,000 in a V-Tek Capital investment product described
as a "10% Annual Convertible Fixed Income Unit" (the "V-Tek Fixed Income Unit
investment") by making materially false and fraudulent representations and
promises regarding (i) the risk of investing with V-Tek Capital, (ii) the manner in
which the victims' funds would be invested, (iii) the amount of funds V-Tek Capital
managed, and (iv) defendant's background.

4.    It was further part of the scheme that, in order to fraudulently induce
investors to provide him with funds, defendant EDWARD R. VELAZQUEZ
established a web site, www.vtekgroup.com, (the "V-Tek Website") which purported
to describe the investment strategy and business practices of V-Tek Capital, and
the background of defendant. The V-Tek Website made a number of materially
false and fraudulent representations, including the following:

-2-

a.    That V-Tek Capital was registered with the Commodities Futures Trading Commission (CFTC) and a member of the National Futures Association (NFA).  In truth and fact, as defendant well-knew, V-Tek Capital was not registered with the CFTC, nor was it a member of the NFA.

b.    That V-Tek Capital offered a "unique risk-averse program" in which principal investments were "guaranteed" because only 20% of clients' capital was invested in hedge fund equity transactions while the other 80% was invested in "zero coupon bonds."  In truth and fact, as defendant well-knew, V-Tek Capital investors' funds were not used to purchase "zero coupon bonds."

c.    That V-Tek Capital's investment strategies were developed and implemented by defendant VELAZQUEZ in conjunction with a V-Tek employed "Research and Development Department."  In truth and fact, as defendant well-knew, V-Tek Capital did not employ a "Research and Development Department," and had no employees other than those performing sales, marketing, and clerical functions.

5.    It was further part of the scheme that, in order to fraudulently induce investors to provide him with funds, defendant EDWARD R. VELAZQUEZ caused to be published a Private Confidential Offering Memorandum (the "V-Tek Offering Memorandum") which purported to describe the V-Tek Fixed Income Unit investment, the business practices of V-Tek, and the background of defendant.  The V-Tek Offering Memorandum and associated materials made a number of materially false and fraudulent representations, including the following:

-3-

    a.    That the victim investors' principal was "protected" or "guaranteed," and "not subject to market risk or interest rate risk" because a portion of the proceeds from the sale of the V-Tek Fixed Income Units would be used to purchase United States Treasury zero-coupon securities, also referred to in the V-Tek Offering Memorandum as "Zero-Coupon Bonds." In truth and fact, as defendant well-knew, no funds derived from the sale of the V-Tek Fixed Income Units were used to purchase United States Treasury bonds nor any other United States Treasury-issued securities.

    b.    That V-Tek Capital had approximately $53,000,000 in client funds under management. In truth and fact, as defendant well-knew, V-Tek Capital rarely had more than $10,000,000 in client funds under management.

    c.    That V-Tek Capital's investment strategies were developed and implemented by defendant VELAZQUEZ in conjunction with a V-Tek employed "System Engineering Team" and "Research and Development Department." In truth and fact, as defendant well-knew, V-Tek Capital did not employ a "Research and Development Department" or a "System Engineering Team," and had no employees other than those performing sales, marketing, and clerical functions.

    d.    That defendant VELAZQUEZ graduated from Northern Illinois University (NIU) with a degree in computational neuroscience. In truth and fact, as defendant well-knew, he was not an NIU graduate and did not have a degree in computational neuroscience.

6.      It was further part of the scheme that defendant EDWARD R. VELAZQUEZ directed investors and potential investors in the V-Tek Fixed Income Units to the V-Tek Website for information regarding V-Tek Capital.

7.      It was further part of the scheme that defendant EDWARD R. VELAZQUEZ made materially false and fraudulent representations to investors and potential investors that were substantially similar to those described above in letters, email, and other correspondence.

8.      It was further part of the scheme that defendant EDWARD R. VELAZQUEZ caused salespersons and investment brokers employed by V-Tek Capital to make false and fraudulent representations to investors and potential investors that were substantially similar to those described above during sales presentations (sometimes referred to as "money shows") and in other client solicitations and correspondence.

9.      It was further part of the scheme that defendant EDWARD R. VELAZQUEZ misappropriated V-Tek investors' funds and converted them to his own benefit through various means, such as:

        a.      Depositing V-Tek investors' funds into defendant VELAZQUEZ's personal financial accounts at Harris Bank and Alaron Financial;

        b.      Providing funds to, and paying expenses of, defendant VELAZQUEZ's girlfriend;

        c.      Purchasing vehicles for his own use and benefit; and

d.    Paying more than $120,000 in personal expenses charged to V-Tek Capital-related American Express credit card accounts.

10.    As a result of the scheme, defendant EDWARD R. VELAZQUEZ caused investors in the V-Tek Fixed Income Units investment located in the United States to suffer losses totaling approximately $1,600,000.

11.    It was further part of the scheme that defendant EDWARD R. VELAZQUEZ concealed, misrepresented, and hid and caused to be concealed, misrepresented, and hidden, the existence and purpose of the scheme and the acts done in furtherance of the scheme.

12.    On or about April 13, 2003, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD R. VELAZQUEZ,

defendant herein, for the purpose of executing the scheme to defraud, and attempting to do so, knowingly caused to be delivered by the United States Postal Service, a package from Grand Junction, Colorado, addressed to V-Tek Capital, Inc., Chicago, Illinois, which package contained a check from Victim SM payable to V-Tek Capital, Inc. in the amount of $25,000;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT TWO

The SPECIAL JUNE 2007 GRAND JURY further charges:

1.    The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1 - 11 of Count One of this indictment.

2.    On or about August 15, 2003, in the Northern District of Illinois, Eastern Division, and elsewhere,

### EDWARD R. VELAZQUEZ,

defendant herein, for the purpose of executing the scheme to defraud, and attempting to do so, knowingly caused to be delivered by FedEx, an interstate commercial carrier, a package from Aiken, South Carolina, addressed to V-Tek Capital, Inc., Chicago, Illinois, which package contained a check from Victim LS and Victim SS payable to V-Tek Capital, Inc. in the amount of $20,000;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT THREE

The SPECIAL JUNE 2007 GRAND JURY further charges:

1.    The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1 - 11 of Count One of this indictment.

2.    On or about April 30, 2003, in the Northern District of Illinois, Eastern Division, and elsewhere,

### EDWARD R. VELAZQUEZ,

defendant herein, caused to be transmitted and transported in interstate commerce, from Florida to Illinois, a security and money, that is, a Bank of America check, check no. 6122, from Victim AF payable to V-Tek Capital, Inc., in the amount of $25,000, knowing that the funds had been taken by fraud;

In violation of Title 18, United States Code, Section 2314 and 2.

## COUNT FOUR

The SPECIAL JUNE 2007 GRAND JURY further charges:

1.      The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1 - 11 of Count One of this indictment.

2.      On or about December 31, 2003, at Chicago, in the Northern District of Illinois, and elsewhere,

### EDWARD R. VELAZQUEZ,

defendant herein, for the purpose of executing the scheme to defraud, and attempting to do so, knowingly caused to be transmitted in interstate commerce from Waco, Texas, to Chicago, Illinois, certain writings, signs, signals, and sounds, namely a wire transfer of approximately $30,327.94, sent by Victim RM through an account at Matrix Capital Bank, to a V-Tek account at Harris Bank & Trust, Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FIVE

The SPECIAL JUNE 2007 GRAND JURY further charges:

1.    The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1 - 11 of Count One of this indictment.

2.    On or about May 4, 2004, at Chicago, in the Northern District of Illinois, and elsewhere,

### EDWARD R. VELAZQUEZ,

defendant herein, for the purpose of executing the scheme to defraud, and attempting to do so, knowingly caused to be delivered by FedEx, an interstate commercial carrier, a package from Tulsa, Oklahoma, addressed to V-Tek Capital, Inc., Chicago, Illinois, which package contained a check from Victim LR payable to V-Tek, Inc. in the amount of $50,000;

In violation of Title 18, United States Code, Sections 1341 and 2.


_____
F O R E P E R S O N


_____
UNITED STATES ATTORNEY

-10-